DONNA J. WADE, APPELLEE, v. WILLIAM P. WADE, APPELLANT.

159 N. W. 2d 570

Filed June 14, 1968. No. 36811.

Ronald D. Svoboda, William L. Walker, and Earl Ludlam, for appellant.

Francis M. Casey and Dale T. Kirby, for appellee.

Heard before, WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is a divorce action brought by Donna J. Wade as plaintiff against William P. Wade defendant. The trial court granted plaintiff a decree of divorce, custody of the 4 girls ranging in age from 5 to 15 years, offspring of this marriage, and granted defendant visitation privileges. Provision was also made for child support payments, permanent alimony, and a division of property. We affirm the judgment of the trial court.

Defendant has appealed and contends that the evidence is insufficient to sustain plaintiff's allegation of cruelty. The parties were married on April 14, 1950. The evidence is conflicting, but the record reflects that frequent arguments occurred between the parties, that on occasion some degree of physical violence was resorted to, that defendant was frequently quarrelsome, critical, and sarcastic in dealing with his wife and children, and that on one occasion, without voicing any threats, but by securing and wielding a shotgun, he placed plaintiff and the children in fear of bodily harm. These facts were testified to by the plaintiff and were fully corroborated by the 15-year-old daughter. Defendant admits most of the occurrences complained of al-

though he sought to place his actions in a more innocent light.

It is true that the record in this case does not reflect such a serious situation as to necessarily require a separation of the parties and that perhaps many married couples would have found it possible under similar circumstances to reconcile their differences. It is regretable that these parties were unable to do this. Nevertheless, there is substantial evidence in this case, duly corroborated, to support the charge of cruelty. Although this evidence was contradicted in some respects, the trial court, which had the opportunity to hear and observe the witnesses, arrived at the conclusion that plaintiff was entitled to the relief prayed for. We cannot say that the decision arrived at was erroneous. "In an action for divorce, if the evidence is principally oral and is in irreconcilable conflict, and the determination of the issues depends upon the reliability of the respective witnesses, the conclusion of the trial court as to such reliability will be carefully regarded by this court on review." Scholz v. Scholz, 172 Neb. 184, 109 N. W. 2d 156.

Defendant also contends that any wrongful acts committed by him were condoned by plaintiff. Condonation was not pleaded and this record reflects that the acts constituting cruelty continued up to the time of the separation of the parties. Under such circumstances, there was no condonation. "Condonation is forgiveness for the past upon condition that the wrong will not be repeated." Sewell v. Sewell, 160 Neb. 173, 69 N. W. 2d 549. Defendant further complains of the provisions embodied in the decree of the trial court with reference to permanent alimony, division of property, and child support. The parties owned their home in joint tenancy. It was stipulated to be of the value of $13,000 and subject to a mortgage of $5,700. Monthly payments amounted to $83.29. The home contained the usual household goods. Defendant was employed by Tomco Seed, Inc., as a plant manager; his salary was $750 per month;

and he had a trust account with the company which amounted to $3,528.92. They also owned a 1962 Chevrolet and their total indebtedness, aside from the home loan, amounted to $456. Plaintiff was working part-time and earned $50 per month. The decree awarded the 1962 Chevrolet and the household goods to plaintiff. It provided that plaintiff should also be permitted to occupy the home, title to which was to remain in joint tenancy, until she remarried, voluntarily abandoned the home, or the youngest child was graduated from high school, became self-supporting, or was emancipated by marriage or otherwise, at which time the home should be sold and the proceeds divided equally between the parties. The trust account of defendant with Tomco Seed, Inc., was awarded to defendant, but he was required to pay the $456 in outstanding bills, to pay the monthly mortgage installments on the home amounting to $83.29, to maintain life and health and accident insurance policies covering the children, total premiums on which amounted to $33.28 per month, to pay $75 per month each for the support of the 2 older children, and $50 a month each for the support of the 2 younger children, as well as to keep the home in repair. The total monthly payments required of defendant amount to $366.57 which, in view of his present monthly earnings, do not appear to be unreasonable nor do we find that the provisions for permanent alimony and division of property are unreasonable.

The judgment is affirmed. Costs are taxed to defendant and plaintiff is allowed the sum of $500 for attorneys' fees in this court.

AFFIRMED.